CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 DEC 12 PM 4:22

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| MARIA PEREZ-RICO, | § § | |
| PLAINTIFF, | § | |
| vs. | § § | CIVIL ACTION CAUSE NUMBER |
| CARGILL MEAT SOLUTIONS CORPORATION, f/n/a EXCEL CORPORATION, | § § § § | 2:11-CV-278-J |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's motion, filed October 25, 2012, for entry of judgment, and Plaintiff's counter motion, filed October 30, 2012, for leave to file an amended complaint adding a new cause of action. For the following reasons Plaintiff's motion for leave to amend is denied, and Defendant's motion for entry of a final take-nothing judgment is granted.

Plaintiff Maria Perez-Rico was employed by Defendant Cargill Meat Solutions Corporation. She was terminated for engaging in a fist fight at work in violation of Cargill's workplace rules. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Her filed charge alleged only that she had been retaliated against by the Defendant. Plaintiff's charge did not state that she was terminated because of her sex or gender, or her national origin, or that she had suffered because of a hostile work environment based upon sex, gender or national origin. The EEOC dismissed her charge and issued a right to sue letter to Plaintiff.

Plaintiff thereafter filed this Title VII lawsuit alleging claims for discrimination based on national origin and sex, and that she had endured a hostile work environment. She did not allege in her federal-court complaint that she had been retaliated against by the Defendant.

The Defendant moved for dismissal of Plaintiff's only pled claims – sex and national origin discrimination and a hostile work environment – on the grounds that those claims were beyond the scope of Plaintiff's EEOC charge, were not properly presented to the EEOC for investigation, and therefore the Plaintiff had failed to exhaust her administrative remedies as required by law. Defendant's motion was granted because the Plaintiff had not exhausted her administrative remedies for her national origin and sex discrimination claims, or her hostile work environment claim.

All of the Plaintiff's pled claims having been dismissed, Defendant moved for entry of final judgment. In response, Plaintiff moved for leave to amend her complaint to allege, for the first time, a retaliation claim. Defendant opposes Plaintiff's motion for leave to amend.

The Rule 16 deadline for motions to amend was June 18, 2012. The once-extended deadline for completion of all discovery was August 20, 2012. The final date by which this case was to be ready for trial was November 5, 2012. Plaintiff's untimely motion for leave to amend was filed October 30, 2012 – approximately four and a half months after the amended pleadings deadline, over two months after discovery closed, and five days before this case was to be ready for trial.

Granting Plaintiff leave to file an amended complaint adding a new claim, after all of her pled claims have been dismissed and after discovery has closed, would require a reopening of discovery to allow the Defendant – at a minimum – to again depose the Plaintiff on the alleged facts underlaying her new claim. Defendant asserts that it would have to take two additional depositions and engage in further discovery, to its serious prejudice, if leave was granted. In addition, Defendant points out that it would be unfair and prejudicial to allow a new claim after it has filed and briefed two dispositive motions directed at her pled claims. Plaintiff has not responded to Defendant's prejudice arguments, and a continuance of the ready for trial date could not cure the prejudice suffered by the Defendant. The fact that the Plaintiff asserted and therefore preserved at the EEOC

administrative level her retaliation claim, which she did not originally assert or timely seek to assert in this lawsuit, does not address the prejudice argument, or lessen the prejudice to the Defendant.

A defendant should not be obligated to spend additional resources and time to once again conduct pretrial discovery and file a second motion for summary judgment or a second motion to dismiss because of a plaintiff's belated assertion of a new claim, which could have been – and should have been – pursued at the beginning of this lawsuit. *See Garcia v. Unit Drilling Co.*, 396 Fed.Appx. 133, 136 (5th Cir. 2010)(citing *S & W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535-36 (5th Cir. 2003) and *Nance v. Gulf Oil Corp.*, 817 F.2d 1176, 1180 (5th Cir. 1987)).

Plaintiff has failed to show good cause for her delay in timely seeking leave to amend. Plaintiff has obviously been aware of the alleged facts underlying the retaliation claim since the date of her original EEOC charge. She has failed to offer a good explanation for her dilatory conduct in seeking leave to amend her complaint to add that new claim on the eve of the ready for trial date and after the Rule 16 deadline for amended pleadings.

Plaintiff has failed to show why it is not futile for her to now add a retaliation claim. Defendant argues that Plaintiff's purported retaliation claim is untimely and time-barred because does not relate back to the filing of her original complaint. In addition, it argues that the factual assertions in Plaintiff's proposed first amended complaint show that she did not engage in an EEO-protected activity before her discharge, therefore Plaintiff cannot show that she suffered an adverse employment action in retaliation for having engaged in a protected activity.

Plaintiff's original complaint complained of the Defendant's alleged pre-termination conduct and its termination decision. Her proposed first amended complaint complains of alleged *post*-termination conduct, occurrences which are separate and distinct for the complained-of occurrences in her original complaint. The proposed amendment therefore does not assert a claim or defense that arose out of the conduct, transactions or occurrences set out or attempted to be set

out in the Plaintiff's original pleading, as the relation-back doctrine requires. Fed. R. Civ. Pro 15(c).

An EEO retaliation claim requires proof that (1) a plaintiff engaged in a protected activity; (2) her employer took an adverse employment action against her; and (3) the employer took the action because of her engagement in the protected activity. *McCoy v. City of Shreveport,* 492 F.3d 551, 556-57 (5th Cir. 2007). Plaintiff does not identify a protected activity that she allegedly engaged in, other than to allege that she complained about the Defendant's rehiring of Edna Gonzalez, the "other woman" with whom Plaintiff fought,[1] and its refusal to rehire Plaintiff. Plaintiff does not allege, or seek to allege, that pre-termination or post-termination she informed the Defendant that she opposed a practice that violated Title VII. Because there is no factual allegation that the Plaintiff participated in a protected activity, she has not shown an alleged causal connection between the Plaintiff's engagement in an EEO protected activity and the Defendant's alleged retaliatory discharge of her, or its alleged retaliatory refusal to re-hire her.

Plaintiff's motion for leave to assert a new retaliation claim is denied because the request to amend is untimely, prejudicial and futile. A continuance of the ready for trial date can not cure the prejudice to the Defendant. There being no other claims remaining in this lawsuit, a final judgment in favor of the Defendant will be entered.

It is SO ORDERED.

Signed this the _12th_ day of December, 2012.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

---

[1] Edna Gonzalez is, like Plaintiff Maria Perez-Rico, an Hispanic female.