IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| MARIA PEREZ-RICO, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| CARGILL MEAT SOLUTIONS | § | 2:11-CV-278-J |
| CORPORATION, f/n/a EXCEL | § | |
| CORPORATION, | § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion, filed December 26, 2012, objecting to the bill of costs submitted by the Defendant in this Title VII case, and Defendant's response thereto. For the following reasons, Plaintiff's objections are sustained.

Defendant is a clearly the prevailing party in this case and is entitled to all reasonable and necessary costs to the extent permissible under the law. However, not all expenses incurred during a case may be reimbursed. Only those costs provided for under 28 U.S.C. § 1920 may be taxed against the losing party. The relevant costs at issue here include: 1) fees paid for transcripts; 2) fees for copies of papers; and 6) fees of interpreters and interpretation services. *See* 28 U.S.C. § 1920./[1]

A district court may decline to award court costs listed in the statute, but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th

---

[1] The permissible expenses as listed in 28 U.S.C. § 1920 are:
(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Cir.1993), *cert. denied,* 510 U.S. 1195, 114 S.Ct. 1303, 127 L.Ed.2d 654 (1994). The standard of review is abuse of discretion. *Nissho–Iwai Co. v. Occidental Crude Sales, Inc.,* 729 F.2d 1530, 1551 (5th Cir.1984). The burden of establishing that transcripts were "not obtained primarily for the convenience" of the parties but were " necessarily obtained for use in this case," *Fogelman v. ARAMCO,* 920 F.2d 278, 286 (5th Cir.1991), is upon the party seeking those costs.

### Copy Costs

Defendant has requested $239.80 in "duplicating costs." Plaintiff argues that it has failed to articulate what was printed or copied, or the purpose and necessity of said copying. Plaintiff is correct. While the amounts charged per page (8¢ to 20¢ per page) are not unreasonable, there is a total lack of detail in the submitted "recap of cost detail sheet" explaining what was duplicated. There are no explanations for why the costs were incurred, no underlying receipts or bills, and no evidence of why the fees were reasonable, or whether they were charged by an outside vendor or a firm copier. Defendant states that the amounts sought to be taxed were necessary costs, but offers no explanation for why these expenses were necessary and/or reasonable under the facts of this case.

Once an objection has been timely raised, the party seeking the cost bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case, or for the convenience of counsel. *See Fogleman v. ARAMCO (Arabian American Oil Co.),* 920 F.2d 278, 286 (5th Cir. 1991). Plaintiff's objections to these costs are sustained.

### Transcript Costs

Whether a transcript was reasonably necessary is a finding of fact to be determined by the trial court. *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 713 F.2d 128, 133 (5th Cir. 1983). The expenses associated with depositions which were "necessarily obtained for use in the

case" are properly taxable as costs of court. *West Wind Africa Line v. Corpus Christi Marine Servs.*, 834 F.2d 1232, 1237–38 (5th Cir.1988).

During the pendency of this employment discrimination lawsuit, Plaintiff also challenged her termination in an employment arbitration proceeding. As part of that arbitration, her deposition was taken, as were the depositions of two fact witnesses to the events underlying her termination. In addition, testimony given in the January 26, 2012, arbitration hearing was also recorded and transcribed. Plaintiff objects to taxation of $482.43 for the arbitration hearing transcription cost.

Both the arbitration and this Title VII lawsuit (filed November 21, 2011) arose from the same events and involved the same factual contentions. All three deposition transcripts were filed of record in this lawsuit in support of the Defendant's motion for summary judgment. However, while summary judgment was granted to the Defendant and a take-nothing judgment entered, the grounds upon which the Defendant was granted summary judgment was Plaintiff's failure to exhaust her mandatory administrative remedies. That narrow grounds did not rely upon consideration of, or the need to consider, any of the deposition transcripts or the arbitration hearing transcript.

Defendant nevertheless requests the Court allow all of the challenged amount of $482.43, evidenced by an August 16, 2012, invoice (dated after this lawsuit was filed), for a court reporter for the arbitration hearing. Defendant argues that the deposition transcripts were necessary taken for use in this case because they were filed to support its summary judgment motion. Plaintiff disputes the fact that the *depositions* were filed in this case somehow makes the arbitration *hearing* transcript necessarily taken for use in this lawsuit. The Court agrees. Reference to the hearing transcript was not necessary to the grounds upon which the Defendant prevailed.

Plaintiff's objections are sustained as to the cost of the arbitration hearing transcription. In addition, the Court notes that an extra copy — that is, more than one copy — of a transcript taken

by or given to the prevailing party is not a properly recoverable cost. The contested arbitration hearing transcript invoice includes a $40.00 fee for an extra electronic copy of the transcript. That extra copy cost should not be allowed. In addition, the $30.00 "administrative fee" is not explained, has not been show to be necessary or proper, and is also not allowed.

### Interpreter Fees

Section 1920 permits compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. Section 1828. There was no Court-appointed interpreter in this case, and no fees, expenses and costs of special interpretation services as permitted under 28 U.S.C. § 1828 (providing payment for special interpretation services in criminal trial and in civil actions initiated by the United States).

The question determinative of whether interpreter's fee should be taxed as costs is whether the items or testimony translated were reasonably necessary for proper determination of issues. For example, if the Defendant shows that a trial witness lacked sufficient English language skills to testify under oath in a court proceeding concerning contested factual issues, then an award of costs to it as the prevailing party representing the fee for the private interpreter's expenses for that witness would properly be allowed at a customary rate for certified court interpreters.[2] The burden is upon the Defendant to show that necessity, and that the fee charged was the customary rate. Defendant

---

[2] *See Kaiser Industries Corp. v. McLouth Steel Corp.*, 50 F.R.D. 5 (E.D. Mich. 1970) (federal district court has power to tax interpreter's fee; question determinative of whether interpreter's fee should be taxed as costs is whether items translated were reasonably necessary for proper determination of issues); *Schmitz-Werke GmbH Co. v. Rockland Industries, Inc.*, 271 F.Supp.2d 734 (D. Md. 2003)(German trial witness lacked sufficient English language skills to testify under oath in court proceeding concerning technical issues, and thus award of additional costs to prevailing plaintiff, representing private interpreter expenses for witness, would be properly allowed at rate for certified court interpreters.); *Bennett Chemical Co v. Atlantic Commodities, Ltd*, 24 F.R.D. 200 (S.D.N.Y. 1959) (amount for translation necessary for use in action is allowable in the bill of costs when necessary for exemplification of matters before the court).

has not done so here. It has offered no explanation for the necessity of a Spanish interpreter in this case, explained whether it was a cost to translate oral testimony into English, stated where that translation occurred, or explained whether the fee was to translate Spanish-language documents in English, for oral translation services only, or for both.

Defendant has offered no explanation of the $500 fee invoiced insofar as it related to the rate actually charged versus the usual and customary Amarillo interpreters' rate. It has not explained the invoiced rate on a per hour basis, explained the length of time involved in interpretation, or offered the facts underlying the necessity and propriety of the contested invoice. For all of these reasons, the $500.00 cost is disallowed.

## Conclusions

Defendant is allowed costs as follows. The bill of costs is hereby reduced by $500.00 for unrecoverable interpreter fees, $239.80 for challenged duplication expenses not shown to be necessary in this suit, and $482.43 for disallowed transcription fees. Total allowable costs are $1,105.05, which are hereby awarded to the Defendant.

It is SO ORDERED.

Signed this the 29th day of March, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE